# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and ) <br> PEOPLE OF THE VIRGIN ISLANDS, ) <br> ) <br> v. ) <br> ) <br> GILROY ELCOCK, ) <br> ) <br> **Defendant.** ) <br> _____) | Criminal Action No. 2017-0005 |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
 *For the Government*

**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
 *For Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Government's "Notice of Appeal of Magistrate's Order Denying Continuance," filed on July 27, 2017. (Dkt. No. 69). In its Notice of Appeal, the Government asks this Court to set aside as clearly erroneous and contrary to law the Magistrate's "Order Denying Government's Motion to Continue Trial Date," entered on July 27, 2017. (Dkt. No. 67). For the reasons that follow, the Court will set aside the Magistrate's Order and continue the trial to August 21, 2017 at 9:30 a.m.

### I.     PROCEDURAL HISTORY

On February 1, 2017, Defendant Gilroy Elcock ("Defendant" or "Elcock") was charged in a twelve-count Indictment with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and multiple counts of Production of Child Pornography, in violation of 18 U.S.C.

§ 2251(a); Aggravated Rape First Degree, in violation of 14 V.I.C. § 1700(a); and Aggravated Rape Second Degree, in violation of 14 V.I.C. § 1700a(a). (Dkt. No. 1).[1] On May 15, 2017, the Court issued a Scheduling Order which set trial in this matter for July 24, 2017. (Dkt. No. 34).

On June 27, 2017, the Government filed a Motion to Continue Trial Date, asserting that the case agent—an essential witness—would be attending training and would be unavailable for trial during the week of July 24, 2017. The Government sought to exclude the delay from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(3)(A)—unavailability of an essential witness. (Dkt. No. 37). After a hearing, the Magistrate Judge granted the Motion to Continue and set the trial for August 14, 2017. (Dkt. Nos. 48, 49).

On July 13, 2017, the Court issued a Trial Management Order with associated pre-trial deadlines. (Dkt. No. 50). In accordance therewith, on July 18, 2017, Elcock filed a Motion *in Limine* to Exclude the Testimony of Agent Dennis Carter, the law enforcement agent who searched Elcock's cell phone and recovered encrypted videos allegedly of Elcock engaged in sexual intercourse with minors. (Dkt. No. 56). The Government filed an Opposition on July 24, 2017. (Dkt. No. 60).[2]

Also on July 24, 2017, the Government filed a second "Motion to Continue Trial Date." (Dkt. No. 59). The Government stated that it had just learned that Agent Carter, "a critical witness in the case against the defendant, is unable to assist in preparing for trial and will probably not be available for testimony due to the medical condition of a family member." (*Id*. at 1). The

---

[1] The Indictment was preceded on November 1, 2016 with a three-count Complaint (Case No. 2016-cr-0027), charging Elcock with Production of Child Pornography, Aggravated Rape First Degree, and Aggravated Rape Second Degree.

[2] Because it is the Court's normal practice to address motions in *limine* at the pre-trial conference, Elcock's motion is pending.

Government sought to exclude the time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(3)(A). (*Id.*).

The Defendant filed an Opposition to the Government's Second Motion to Continue the Trial Date on July 25, 2017. (Dkt. No. 63). Elcock noted, *inter alia*, that he has been detained since May 2, 2014, having initially been arrested and charged in the Superior Court of the Virgin Islands. (*Id.* at 1). The local charges had been dismissed, and corresponding charges were brought in the District Court where Elcock was denied bail and has been detained. (*Id.*). Elcock further noted that the Government's Second Motion to Continue replicated the pattern of the first motion: a month and a half after the trial had been scheduled, the Government moved for a continuance. (*Id.* at 2). According to Elcock, because Carter was not the case agent, he was not required to be in court every day and could be available when he was needed to testify. (*Id.*). Elcock also argued that he "requested a speedy trial" which "trumps all other considerations, barring personal illness and/or death," neither of which applies here. (*Id.*).

Following a hearing on July 27, 2017, the Magistrate Judge issued an Order denying the Government's Second Motion to Continue. (Dkt. No. 67). In relevant part, the Order states:

> The Government seeks a continuance because an essential witness will not be available during the currently scheduled trial period. Counsel for the Defendant opposes the motion on the grounds that a Motion in Limine [D.E. 56] was filed on July 18, 2017 to exclude testimony of the witness that will be unavailable. The Defendant has been detained since his arrest on May 2, 2014. In addition, this is the second motion filed by the Government for a continuance because an essential witness will be unavailable.

(*Id.*). The Order goes on to say that "[h]aving heard the arguments of counsel and on due consideration, it is ORDERED as follows: The Government's Motion to Continue the Trial Date is DENIED," and the jury trial will go forward as scheduled on August 14, 2017. (*Id.*).

Later on July 27, 2017, the Government filed its "Notice of Appeal of Magistrate's Order Denying Continuance" pursuant to Fed. R. Crim. P. 59(a). (Dkt. No. 69). In its Notice of Appeal, the Government states that, on July 24, 2017, it learned that the spouse of a critical witness in this matter became terminally ill, and their minor children (ages 12 and 14) became traumatized by the event. (*Id.* at 2). The witness—who was engaged in the care of the children and comforting his spouse—could not participate in his official work duties, including trial preparation, and the Government sought a continuance in the motion filed that day. (*Id.*). The Government asserts that, on July 26, 2017, the witness' spouse succumbed to her illness, and the witness must now comfort and care for his children and make funeral arrangements. The funeral is tentatively set for August 7, 2017. *(Id.)*.

The Government argues that the reasons cited by the Magistrate Judge for denying the continuance are "clearly erroneous and contrary to law," and this Court should therefore set aside the Order pursuant to Fed. R. Crim. P. 59(a). (*Id.*). The Government contends that unforeseen circumstances here justify a continuance because: the illness of an essential witness' spouse took an unexpected turn for the worse which no one could have predicted; the witness must comfort his minor children who are grieving the loss of their mother; and the witness must plan for the upcoming funeral. (*Id.* at 3). The Government maintains that, under these circumstances, requesting that the witness appear for trial preparation, respond to trial-related inquiries, and provide trial documents would be an "unbearable hardship." (*Id.*). Further, the witness' ability to focus on the trial would be "severely hampered" such that it would "deny the Government the opportunity to adequately prepare for trial." (*Id.*). Considering the significant potential prejudice to the Government and the hardship to the witness, the Government concludes that a continuance of the trial "for at least one week" would serve the interests of justice. (*Id.*).

## II. DISCUSSION

Fed. R. Crim. P. 59(a) provides that a district judge

> may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order. . . The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous.

Fed. R. Crim. P. 59(a). A finding is clearly erroneous "when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (internal quotation marks omitted); *see also United States v. Flanders*, 2010 WL 3702512, at *2 (D.V.I. Sept. 15, 2010) ("A factual finding is clearly erroneous when it 'either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'") (quoting *United States v. Chitolie*, 2010 WL 2384550, at *3 (D.V.I. June 8, 2010)). In addition, "'[a] magistrate's finding of law is contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law.'" *Flanders*, 2010 WL 3702512, at *2 (quoting *Chitolie*, 2010 WL 2384550, at *3).

Upon reviewing the record herein, the Court is left with "the definite and firm conviction that a mistake has been committed," *Concrete Pipe & Prods.*, 508 U.S. at 622, and further concludes that there has been a misapplication of the law, *Flanders*, 2010 WL 3702512, at *2. While it is not typical that a court would find that a magistrate judge clearly erred in denying a continuance, or that the magistrate judge's apparent rationale in so ruling was contrary to law, the Court finds that the denial of the continuance in this particular circumstance rises to such a level.

First, the Magistrate Judge's Order is devoid of any articulated reasoning for his ruling. It simply recites the arguments of the parties and then pronounces the ruling based on the arguments of counsel and on "due consideration." (Dkt. No. 67 at 1). As a consequence, the Court is left without any explicit rationale by the Magistrate Judge upon which to assess his ruling.

Further, even assuming that the Magistrate Judge's recitation of the arguments made by Defendant was intended to constitute an adoption of those arguments as the reasons for denying the Government's motion, the Court finds those reasons factually and/or legally insufficient. The first argument is that counsel for Defendant has filed a Motion *in Limine* to exclude the testimony of the same witness (Agent Carter) who the Government has indicated is unavailable for trial. The Court cannot discern the factual or legal significance of that point in the adjudication of the Motion to Continue. The Magistrate Judge would have to be inappropriately prejudging the outcome of the Motion *in Limine* and implicitly finding that the witness' testimony will be excluded, in order to conclude that the mere filing of the Motion *in Limine* undercuts the grounds for the Motion to Continue. This Court's practice is to address Motions *in Limine* during the pretrial conference (scheduled in this case for August 10, 2017). Thus, the pending Motion *in Limine* has no factual or legal bearing on the adjudication of the Motion to Continue, and any reliance thereon is clearly erroneous and contrary to law.

The second argument is that the Defendant has been detained since his arrest on May 2, 2014. The Magistrate Judge mentions this consideration as a free-standing fact—divorced from any acknowledgment of the period of pretrial detention actually resulting from the District Court charges;[3] unconnected to any review of the reasons for the period of detention, or the party to

---

[3] In its Notice of Appeal, the Government notes that the Defendant was arrested initially in 2014 and detained as a result of charges filed in the Superior Court of the Virgin Islands. This action was subsequently filed in the District Court, where the Defendant made his first appearance on

which the length of that detention should be attributed; without any consideration of the length of the additional delay that would be occasioned by the requested continuance; and untethered to any legal analysis or factual context that would link the period of detention to the ruling denying the continuance. In his Opposition to the Motion to Continue, the Defendant asserted that he requested a speedy trial, but did not argue, for example, that the requested continuance of his trial would result in a violation of either his Sixth Amendment rights or the Speedy Trial Act. In the former regard, a defendant must demonstrate that the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972), establish a Constitutional violation: "(1) the length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant." *United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014) (citing *Barker*, 407 U.S. at 530-31). Similarly, a defendant bears the burden of proving a Speedy Trial Act violation. 18 U.S.C. § 3162(a)(2). The Speedy Trial Act establishes a seventy-day trial clock, while also providing that certain "periods of delay" are excludable from the seventy-day period, including the unavailability of an essential witness. 18 U.S.C. §§ 3161(h), 3161(h)(3)(A).

The Court recognizes that a defendant's period of detention is an important consideration in this context, and does not by its ruling herein intend in any way to minimize the importance of that fact. Here, however, Elcock offered only a conclusory argument, and there was no analysis by the Magistrate Judge concerning the significance of Defendant's detention with regard to either

---

November 4, 2016. Thus, Elcock has been detained pursuant to the District Court action for nine months. (Dkt. No. 69 at 2-3). The Government adds that part of the nine-month federal detention was occasioned by Defendant's Motion to Suppress, filed on February 17, 2017 and denied on May 9, 2017, and his February 28, 2017 Motion to Continue which "effectively moved the trial date from March 20, 2017 to July 24, 2017"—making him responsible for five months of the nine-month federal detention. (*Id.* at 3).

7

his Sixth Amendment rights or the requirements of the Speedy Trial Act. As a result, the Magistrate Judge's reliance on the date when Elcock was initially detained, without any other contextual analysis and under the circumstances presented here, is clearly erroneous and contrary to law.

The final argument is that this is the "second motion filed by the Government for a continuance because an essential witness will be unavailable."[4] (Dkt. No. 67). This, too, is a free-standing fact unsupported by any further factual or legal analysis. This assertion seems to suggest that the Government is limited in the number of times it can file a Motion to Continue on this ground, and that filing two such motions is inappropriate. However, the Speedy Trial Act provides that a period of delay "resulting from the absence or unavailability of the defendant or an essential witness" shall be excluded in computing the time that has run on the Speedy Trial clock. 18 U.S.C. § 3161(h)(3)(A). The statute recognizes that if either the defendant or an essential witness is unavailable, such a reason is a legitimate excuse for continuing the trial. The Magistrate Judge found that the Government's first motion to continue met the necessary prerequisites for a continuance, and the legitimacy of the instant motion should be assessed on its own merits. The mere fact that this is the second motion to continue by the Government due to the unavailability of an essential witness—while certainly warranting the Court's carefully scrutiny—is an insufficient basis by itself to deny the motion without an analysis of its merits. The Court thus finds that the Magistrate Judge's reliance thereon is contrary to law.

Moreover, the Third Circuit has defined an "essential" witness as one where the "witness is unquestionably important to the prosecutor's case, and the government has a good faith belief that it will use that witness's testimony at trial." *United States v. Hamilton*, 46 F.3d 271, 277 (3d

---

[4] As the Government observes in its Notice of Appeal, its first motion for a continuance was due to the unavailability of a critical witness—the Government's case agent. (Dkt. No. 69 at 1, 3).

Cir. 1995). That would be the case here, as the Government proffers that Agent Carter will testify to his extraction of the videos—allegedly showing Elcock engaged in sexual intercourse with minors—from Elcock's cell phone. Agent Carter's testimony is thus critical to the Government's case, and the Government intends to have him testify at trial. *See id.*

As to Agent Carter's unavailability during the week of August 14, 2017, the basis therefor is compelling. When the Government learned that Agent Carter's wife was ill and her health had taken a turn for the worse, it filed its Motion to Continue. Two days later, Agent Carter's wife died. He has had to care for and comfort his two minor children, ages 12 and 14, as well as make arrangements for the funeral (tentatively scheduled for August 7, 2017). It is unreasonable to expect that a person thrust into that kind of emotional whirlwind would be able to prepare for trial the same week that he buries his wife and be available to testify the following week, while also dealing with his own grief as well as the trauma experienced by his two children. While the Court is conscious of, and gives due consideration to, the length of Defendant's pretrial detention and his constitutional and statutory speedy trial rights, the Court concludes that the Magistrate Judge's denial of the very brief continuance that the Government seeks cannot, under the circumstances, be justified.

Based on the foregoing, the Court finds that the Magistrate Judge's July 27, 2017 Order is contrary to law and clearly erroneous, and will set it aside.

## **ORDER**

**UPON CONSIDERATION** of the Government's "Notice of Appeal of Magistrate's Order Denying Continuance," (Dkt. No. 69), the Magistrate Judge's July 27, 2017 Order Denying Government's Motion to Continue Trial Date (Dkt. No. 67), and the entire record in this case, it is hereby

**ORDERED** that the Order Denying Government's Motion to Continue Trial Date (Dkt. No. 67) is **SET ASIDE**; and it is further

**ORDERED** that the trial in this matter is **CONTINUED** for one week, to **Monday, August 21, 2017 at 9:30 a.m.** before the undersigned Chief Judge; and it is further

**ORDERED** that the period of delay from August 14, 2017 through August 21, 2017 falls within the scope of 18 U.S.C. § 3161(h)(3)(A) and shall be excluded in computing the time under the Speedy Trial Act within which the trial herein must commence.

**SO ORDERED**.

Date: July 31, 2017 _____/s/_____
WILMA A. LEWIS
Chief Judge