# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

UNITED STATES OF AMERICA and )
THE PEOPLE OF THE VIRGIN ISLANDS )
                                      )
        v.                               )    Criminal Action No. 2017-0005
                                      )
GILROY ELCOCK, )
                                      )
        Defendant. )
                                      )

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
    *For the Government*

**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Gilroy Elcock's ("Defendant") "Rule 29 Motion for Judgment of Acquittal or For A New Trial" ("Rule 29/33 Motion") (Dkt. No. 97), and the Government's "Opposition to Defendant's Motion for Judgment of Acquittal" (Dkt. No. 99). For the reasons discussed below, the Court will deny Defendant's Motion.

### I.    BACKGROUND

Defendant was accused of having sexual relations with two minor female sisters while he was in a relationship with the girls' mother and living in their home.[1] On February 21, 2017, Defendant was charged in a twelve count Indictment. (Dkt. No. 1).[2] Counts 1, 3, 5, 7, 9, and 11 of

---

[1] The victims were a 16-year-old, identified as J.S., and a 12-year-old, identified as J.J.S.

[2] Unless otherwise noted, all docket references herein refer to Criminal Action No. 2017-0005.

the Indictment charged Defendant with multiple counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); Count 6 charged Defendant with Possession of Child Pornography, in violation 18 U.S.C. § 2252(a)(4)(B); Counts 2 and 4 charged Defendant with Aggravated Rape First Degree, in violation of 14 V.I.C. § 1700(a); and Counts 8, 10 and 12 charged Defendant with Aggravated Rape Second Degree, in violation of 14 V.I.C. § 1700a(a). *Id*.[3]

While the case was proceeding under an earlier filed Information, the Court initially scheduled trial in this matter for January 23, 2017, with pretrial motions due by December 26, 2016. (Criminal Action No. 2016-0027, Dkt. No. 26). On January 13, 2017, the Court entered a Scheduling Order continuing the trial to February 10, 2017. (*Id*. at Dkt. No. 30).[4] At the time that the Scheduling Order was entered, there were no pretrial motions pending in the case—the deadlines for pretrial motions having expired on December 26, 2016. A Trial Management Order was entered on January 18, 2017 with trial-related deadlines, including January 23, 2017 as the deadline for motions in limine. (*Id*. at Dkt. No. 32).

---

[3] This case was initially docketed under Criminal Action No. 2016-0027 when the Government filed a Complaint against Defendant on November 1, 2016. (Criminal Action No. 2016-0027, Dkt. No. 1). This was followed by the filing of an Information on December 5, 2016. (*Id*. at Dkt. No. 21). When the Grand Jury returned an Indictment on February 1, 2017 and the Information was dismissed, the case—as was customary—was assigned a new criminal action number: Criminal Action No. 2017-0005. See Order granting the Government's Motion to Dismiss Information, issued on August 9, 2017 (*Id*. at Dkt. No. 55). The Indictment charged: two counts of Production of Child Pornography, two counts of Aggravated Rape First Degree, and one count of Possession of Child Pornography as it relates to J.J.S.; and four counts of Production of Child Pornography and three counts of Aggravated Rape Second Degree as it relates to J.S.

[4] The January 23, 2017 trial was originally continued to February 6, 2017 (Criminal Action No. 2016-0027, Dkt. No. 28), and then on January 13, 2017, the Court continued that trial date to February 10, 2017.

On January 23, 2017, Defendant filed what was styled as a Motion in Limine seeking to exclude photos and videos obtained by Homeland Security Investigations ("HSI") from Defendant's electronic devices without a search warrant. (*Id*. at Dkt. No. 36). The Court determined that, although Defendant's filing was styled as a Motion in Limine, it was in reality a motion to suppress evidence that required an evidentiary hearing, and which should have been filed by the December 26, 2016 deadline for pretrial motions. (*Id*. at Dkt. No. 41 at 2). In any event, the Court exercised its discretion to consider the untimely motion. However, because the motion was filed too close to the trial date to permit briefing, an evidentiary hearing, and resolution by the Court, the Court determined that a continuation of the trial was necessary. *Id.* Accordingly, on January 26, 2017, the Court continued the trial pending further Order of the Court. *Id*. at 3.

On February 1, 2017, the above-referenced Indictment was filed, which increased the number of counts against Defendant from four to twelve. (Dkt. No. 1). Defendant was arraigned before the Magistrate Judge on February 2, 2017. (Dkt. No. 5). At the arraignment, the Magistrate Judge accepted Defendant's plea of not guilty and orally set a new pretrial schedule, including a deadline of February 21, 2017 for pretrial motions. *Id*. In addition, trial was scheduled for March 20, 2017. *Id*. The deputy clerk memorialized the schedule, including the pretrial motions deadline, in a docket entry along with the filing of the minute entry for the arraignment proceedings.[5]

---

[5] Specifically, Dkt. No. 5 reads: "Minute Entry for proceedings held before US Magistrate Judge George W. Cannon: Initial Appearance as to Gilroy D. Elcock held on 2/2/2017, Arraignment as to Gilroy D. Elcock (1) Count 1,2,3,4,5,6,7,8,9,10,11,12 held on 2/2/2017 (Discovery due by 2/8/2017, Motions due by 2/21/2017, Calendar Call set for 2/15/2017 09:00 AM in STX Courtroom 3 before US Magistrate Judge George W. Cannon, Pretrial Conference set for 2/27/17 01:30 PM in STX Courtroom 1 before Chief Judge Wilma A. Lewis, Jury Selection set for 3/20/2017 09:30 AM in STX Courtroom 1 before Chief Judge Wilma A. Lewis.) (Court Reporter FTR.) (TJ) (Entered: 02/02/2017)."

On February 17, 2017, Defendant timely filed his Motion to Suppress in accordance with the new schedule. (Dkt. No. 11). The Motion to Suppress was essentially a mirror image of the document previously styled as a Motion in Limine that was filed on January 23, 2017. Following an evidentiary hearing on April 4, 2017, the Court denied Defendant's Motion to Suppress by Memorandum Opinion and Order entered on May 9, 2017. (Dkt. Nos. 31 and 32).

On May 15, 2017, the Court issued a Scheduling Order which set trial for July 24, 2017. (Dkt. No. 34). On June 27, 2017, the Government filed a motion to continue the trial because its case agent—Virgin Islands Police Department ("VIPD") Detective Vanessa Richardson—was unavailable to testify. (Dkt. No. 37). The Court granted the Government's motion over Defendant's opposition (Dkt. No. 48), and trial was continued to August 14, 2017. (Dkt. No. 49). On July 13, 2017, a new Trial Management Order was entered with trial-related deadlines. (Dkt. No. 50).

On July 24, 2017, the Government once again sought a continuation of trial, asserting that another critical witness—Special Agent Dennis Carter of the Department of Homeland Security ("SA Carter")—was unavailable. (Dkt. No. 59). The Magistrate Judge denied the request for a continuance. (Dkt. No. 67). The Government appealed the Magistrate Judge's decision (Dkt. No. 69) and, on July 31, 2017, the undersigned Judge set aside the Magistrate Judge's Order and continued the trial to August 21, 2017. (Dkt. No. 70). As a result of the new trial date, the Court entered a revised Trial Management Order on August 1, 2017, which pertained to the parties' remaining trial-related deadlines. (Dkt. No. 71).

On August 21, 2017, trial commenced with jury selection. (Dkt. No. 81). On August 22, 2017, the jury was sworn and opening statements were made. The Government called its first three witnesses, and they were examined. Approximately 10 minutes into the testimony of the Government's fourth witness—SA Carter—the Defense objected to a question by the Government

pertaining to SA Carter's second forensic search of Defendant's electronic devices and moved to suppress SA Carter's testimony as it related to video evidence of rape and child pornography discovered during that search. In objecting, Defendant raised for the first time the argument that his consent to search his electronic devices did not extend to the second search conducted by SA Carter.[6]

The Court denied the motion to suppress as untimely. The Court noted that, in addition to the fact that it had already once before continued the trial to accommodate Defendant's first untimely filing, Defendant's second motion to suppress was not made by the start of trial as required by Rule 12. The Court also found that Defendant had offered no good cause to justify the untimeliness of Defendant's suppression motion. Thus, the trial proceeded forward.

The next day, on August 23, 2017, Defendant filed a Motion for Reconsideration requesting that the Court reconsider its ruling that Defendant's objection was untimely and consider his motion to suppress on the merits. (Dkt. No. 83 at 2).[7] The Court denied Defendant's Motion for Reconsideration from the bench.

---

[6] On April 29, 2014, VIPD officers interviewed Defendant about the allegations against him and obtained his consent to search his electronic devices, which consisted of his Galaxy Note III cell phone and Apple iPad. VIPD turned over Defendant's electronic devices to SA Carter to conduct a forensic search for evidence pertaining to rape or child pornography. The extraction report generated in 2014 and admitted into evidence during trial showed communications of a sexual nature between Defendant and at least one of the minor victims, including photographs that he sent to her of his genitalia. Defendant was arrested on May 2, 2014. Law enforcement retained possession of Defendant's electronic devices throughout the entirety of this case. On or around March 3, 2016, SA Carter conducted a second search of Defendant's electronic devices, which yielded video evidence of Defendant's sexual conduct with the two minor victims.

[7] On the merits, Defendant argued that the suppression of certain photos and videos from his electronic devices was warranted because law enforcement, in conducting a second search of his devices, violated his Fourth Amendment right against unreasonable searches and seizures. (*See* Dkt. No. 83 at 1).

On August 24, 2017, at the conclusion of the Government's case-in-chief, Defendant made a Motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure ("Fed.R.Crim.P."). On August 25, 2017, the Court granted in part and denied in part Defendant's Rule 29 Motion, dismissing Counts 8, 10, and 12 (Aggravated Rape Second Degree) for lack of sufficient evidence to sustain a conviction. (Dkt. No. 94). On the same day, the jury returned a verdict finding Defendant guilty on all other remaining counts. *Id*.

On November 27, 2017, Defendant filed the instant Motion, (Dkt. No. 97),[8] which the Government opposed on December 11, 2017. (Dkt. No. 99).

## II. DISCUSSION

In the present Rule 29/33 Motion, Defendant argues that he is entitled to either an acquittal or, in the alternative, a new trial because the District Court erred when it deemed his motion to suppress as untimely, thus overruling his objection to SA Carter's testimony at trial. (Dkt. No. 98 at 2). Defendant contends that by doing so, the Court did not give "due consideration" to the merits of his motion to suppress, in violation of his Fifth Amendment right to due process. (Dkt. No. 98 at 2).

As a preliminary matter, the Court notes that Defendant's two-page memorandum in support of the instant Motion provides scant analysis or authority for the relief that he seeks. This

---

[8] While under normal circumstances, Defendant's Motion would be untimely, events occurring in this District renders the filing timely. Generally, under Rule 29, Fed.R.Crim.P., "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict." The same is true for a Rule 33 filing grounded on any other reason other than newly discovered evidence. Fed.R.Crim.P. 33(b)(2). Thus, Defendant's deadline to file a Rule 29/33 motion was initially September 8, 2017, i.e., 14 days after the guilty verdict on August 25, 2017. The Court memorialized this deadline in its Order for post-trial briefing issued on August 29, 2017. (Dkt. No. 94). In response to Defendant's request for an extension, the Court extended the filing deadline to September 9, 2017. (Dkt. No. 96). Hurricanes Irma and Maria hit the U.S. Virgin Islands on September 6, 2017 and September 20, 2017, respectively. Due to their impact, the Court issued two General Orders which continued all matters until November 27, 2017.

6

is, in and of itself, "sufficient to deny Defendant's request for a judgment of acquittal or the grant of a new trial." *United States v. Savage*, 2014 WL 4631976, at *2 (E.D. Pa. Sept. 17, 2014). In addition to the inadequacy of the Rule 29/33 Motion in this regard, the Motion also fails on the merits.

    A. **Rule 29 Motion for Judgment of Acquittal**

        1. **Applicable Legal Principles**

Rule 29 provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed.R.Crim.P. 29(c)(2). More specifically, "the Court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). When assessing motions under Rule 29, the Court must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Wolfe*, 245 F.3d 257, 261 (3d Cir. 2001).

In determining a Rule 29 motion, evidence is not viewed in a vacuum but in relation to the totality of the evidence elicited in a case. *See United States v. Pavulak*, 700 F.3d 651, 668 (3d Cir. 2012) (noting that, in reviewing a sufficiency of evidence claim, courts "'examine the totality of the evidence, both direct and circumstantial'") (quoting *United States v. Starnes*, 583 F.3d 196, 206 (3d Cir. 2009) (internal citation omitted)). Thus, "[t]he question is whether all the pieces of evidence against the defendant, taken together, make a strong enough case to let a jury find him guilty beyond a reasonable doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 432 (3d Cir. 2013) (quoting *United States v. Cooper*, 567 F.2d 252, 254 (3d Cir. 1977) (quotations omitted)). The Court must "draw all reasonable inferences in favor of the jury verdict." *United States v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 1996). "The verdict of a jury must be sustained if

there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992) (internal citation and quotation marks omitted). This standard is "highly deferential" of the jury's verdict. *United States v. Hart,* 273 F.3d 363, 371 (3d Cir. 2001) (internal citation omitted). Accordingly, "[t]he burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high." *United States v. Serafini*, 233 F.3d 758, 770 (3d Cir. 2000). Indeed, challenges to the sufficiency of the evidence supporting a jury verdict "should be confined to cases where the prosecution's failure is clear." *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (internal citation and quotation marks omitted). "Only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt," may the Court overturn the jury's verdict. *United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1990) (internal citation and quotation marks omitted).

2. **Analysis**

The Court finds no merit to Defendant's request for a judgment of acquittal under Rule 29. As the Government rightly points out (Dkt. No. 99 at 2), Defendant presents no arguments challenging the sufficiency of the evidence against him so as to provide a basis to justify acquittal. Instead, the Court finds that the Government produced sufficient evidence at trial by which the jury could have concluded, beyond a reasonable doubt, that Defendant was guilty of the crimes charged. The evidence presented by the Government included the testimony of the two minor victims, their mother, and various law enforcement officials involved in the investigation, as well as text messages between Defendant and one of the minor victims, and video and photographic evidence depicting Defendant participating in sex acts with the minor victims. Viewed in the light most favorable to the Government, the Court concludes that a reasonable jury could find that the Government proved all the elements of the offenses of which Defendant was convicted beyond a

reasonable doubt. *See e.g., United States v. Gutierrez-Calderon*, 2017 WL 6028462, at *12 (D.V.I. Dec. 5, 2017). Accordingly, the Court will deny Defendant's Motion for Judgment of Acquittal under Rule 29.

B. **Rule 33 Motion for A New Trial**

In addition to seeking relief under Rule 29, Defendant's Motion also requests, in the alternative, that this Court grant him a new trial. (Dkt. No. 98 at 1-2). For the reasons discussed below, the Court will also deny this request.

1. **Applicable Legal Principles**

A motion for a new trial is properly made under Rule 33(a), Fed.R.Crim.P., which provides: "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." This rule generally gives the district court broad discretion in determining whether a new trial is appropriate. *See U.S. v. Jasin,* 280 F.3d 355, 360 (3d Cir. 2002); *Gov't of Virgin Islands v. Commissiong*, 706 F. Supp. 1172, 1184 (D.V.I. 1989). In evaluating a Rule 33 motion, "'[u]nlike an insufficiency of the evidence claim, [] a district court . . . does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case.'" *United States v. Silveus*, 542 F.3d 993, 1004 (3d Cir. 2008) (quoting *United States v. Johnson,* 302 F.3d 139, 150 (3d Cir. 2002)).

A court may grant a Rule 33 motion on either of two grounds: "[T]he court may grant a new trial if, after weighing the evidence, it determines that there has been a miscarriage of justice . . . [or] . . . if trial error had a substantial influence on the verdict." *Id*. (internal citations omitted). A miscarriage of justice has occurred, "that is an innocent person has been convicted," *Silveus*, 542 F.3d at 1004–05 (quoting *Johnson*, 302 F.3d at 150), in circumstances where "the jury's verdict is contrary to the weight of the evidence." *United States v. Brennan*, 326 F.3d 176, 189 (3d

Cir. 2003) (quoting *Johnson*, 302 F.3d at 150). Accordingly, such a situation would warrant a new trial. *Brennan*, 326 F.3d at 189. Alternatively, a new trial is also warranted on the basis of trial error "if there is a reasonable probability that error infecting the prior proceedings could have had a substantial influence on the jury's decision." *United States v. Harper*, 2014 WL 3708071, at *3 (D.V.I. July 25, 2014), *aff'd sub nom. United States v. Flanders*, 635 F. App'x 74 (3d Cir. 2015) (internal citation and quotation marks omitted). Such error, therefore, must be shown to have prejudiced the defendant. *See United States v. Davis*, 233 F. Supp. 2d 695, 698-99 (E.D. Pa. 2002), *aff'd,* 397 F.3d 173 (3d Cir. 2005).

"[T]he Third Circuit has implied in its jurisprudence that a Rule 33 Motion is not a forum for litigating issues that could have been raised prior to or during trial." *United States v. Stradford*, 2008 WL 2275999, at *3 (D.N.J. May 30, 2008), *aff'd,* 394 F. App'x 923 (3d Cir. 2010) (citing as example *United States v. Pelullo,* 105 F.3d 117, 126–27 (3d Cir. 1997)). Rule 33 Motions should be "granted sparingly and only in exceptional cases." *Gov't of Virgin Islands v. Derricks,* 810 F.2d 50, 55 (3d Cir. 1987); *see also United States v. Ponton*, 337 F. App'x 179, 181 (3d Cir. 2009) ("[N]ew trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience.").

2. Analysis

a. **Miscarriage of Justice**

Defendant offers no argument that, based on the evidence adduced, a miscarriage of justice has taken place. He simply argues that the District Court erred in denying his second motion to suppress as untimely and seeks the alternative relief of a new trial. (Dkt. No. 98 at 1-2). He has therefore failed to apprise the Court of the "serious danger that a miscarriage of justice has

occurred." *Johnson*, 302 F.3d at 150. For the same reasons discussed above, the Court—based on its independent assessment of the Government's case—is convinced that no "miscarriage of justice" occurred here as the jury verdict was clearly supported by the weight of the evidence that was presented at trial. *Brennan*, 326 F.3d at 189-91. Ample testimonial evidence (which included testimony from both minor victims), as well as the photo and video evidence admitted at trial, support the jury's verdict. *See United States v. Steptoe*, 2003 WL 22016866, at *2-3 (E.D. Pa. June 19, 2003), *aff'd,* 126 F. App'x 47 (3d Cir. 2005). Accordingly, the Court finds that Defendant has failed to show that a miscarriage of justice warranting a new trial has occurred here. *Id*. at *3.

      **b.**      **Trial Error**

The Court also finds no merit in Defendant's argument that the alleged error at issue here—i.e., the Court's determination that Defendant's second motion to suppress was untimely and its resulting decision not to consider the merits of Defendant's claim—violated his constitutional right to due process. (Dkt. No. 98 at 2). Defendant's failure to cite any authority for this proposition is not surprising because there is no due process violation when a defendant is provided with an opportunity prior to trial to litigate his motion. *See U. S. ex rel. Harris v. Hendrick*, 300 F. Supp. 554, 558 (E.D. Pa. 1969), *aff'd sub nom. U. S. ex rel. Harris v. Hendricks*, 423 F.2d 1096 (3d Cir. 1970) (finding that Defendant's "[due process] rights were scrupulously protected" where he "was afforded the opportunity to fully litigate" his motion to suppress prior to trial).

Here, Defendant had more than ample opportunity to fully litigate his motion to suppress. As noted above, there were two deadlines set in this case for Defendant to file pretrial motions: December 26, 2016 and February 21, 2017. Defendant missed both of these deadlines and then artfully attempted to get around this fact on two occasions. On the first occasion, Defendant attempted to submit an untimely motion to suppress on January 23, 2017—almost one month after

11

the pretrial motions deadline and approximately two weeks before trial—by styling it as a motion in limine. The Court, in its discretion, allowed the untimely filing, which necessitated the continuance of trial and the resulting interruption of the trial schedule.

The Court continued the trial on January 26, 2017 in order to schedule an evidentiary hearing. (Criminal Action No. 2016-0027, Dkt. No. 41). Thus, Defendant was on notice as early as January 26, 2017 to adequately prepare for the anticipated evidentiary hearing and to raise any available suppression arguments. However, although Defendant timely filed his suppression motion by the February 21, 2017 pretrial motions deadline that was set following the filing of the Indictment, and he had until the April 4, 2017 date of the evidentiary hearing to contemplate his position and plan his presentation, Defendant apparently did not present all of the suppression arguments that he ultimately determined were appropriate. Then, Defendant sought to rectify the problem by attempting to present another suppression motion six months after the February 21st deadline by way of an objection during trial to certain testimony of the *fourth* witness presented by the Government. On this second occasion where Defendant sought to avoid the pretrial motions deadline, the Court rightly ruled that the motion was untimely and properly exercised its discretion to deny the motion accordingly. *See United States v. Atkins*, 702 F. App'x 890, 894 (11th Cir. 2017) (district court acted within its discretion in denying a motion to suppress that was filed four months after the deadline at the start of trial before jury selection). The fact that Defendant was provided ample opportunity to present his motion to suppress is all that due process requires. *See Hendrick*, 300 F. Supp. at 558. Thus, the Court's rejection of Defendant's untimely motion does not constitute a trial error that provides the basis for a new trial.

### c. Rule 12 Motion to Suppress

Finally, the Court rejects Defendant's contention that the Court erred in deeming his second motion to suppress untimely when, pursuant to Rule 12(c)(1), Fed.R.Crim.P., he made his motion at the start of trial, i.e., the same day the jury was sworn. (Dkt. No. 98 at 2). Defendant's argument misses the mark.

Under Rule 12, a motion to suppress evidence must be made by the court's deadline for pretrial motions. *United States v. Staton*, 605 F. App'x 110, 113 (3d Cir. 2015) (citing Fed.R.Crim.P. 12(b)(3), (c)(1)). If the court does not set a deadline for pretrial motions, "the deadline is the start of trial." Fed.R.Crim.P. 12(c)(1).[9] For Rule 12 purposes, the start of trial is when "jeopardy attaches." According to the Advisory Committee notes accompanying the 2014 amendments to Rule 12(c):

> Paragraph (c)(1) retains the existing provisions for establishing the time when pretrial motions must be made, and adds a sentence stating that unless the court sets a deadline, the deadline for pretrial motions is the start of trial, *so that motions may be ruled upon before jeopardy attaches*.

Fed.R.Crim.P. 12, Advisory Committee's notes to 2014 amendments (emphasis added). This makes clear that the swearing-in of the jury serves as the "start of trial." *See Martinez v. Illinois*, 572 U.S. 833, 839 (2014) (noting that jeopardy attaches when the jury is empaneled and sworn); *Serfass v. United States*, 420 U.S. 377, 388 (1975) (same). If jeopardy attaches once the jury is empaneled and sworn, a motion to suppress—in order to be ruled upon *before jeopardy attaches*— must be made *before* the jury is empaneled and sworn. *Cf. United States v. Nicholson*, 716 F. App'x 400, 414 (6th Cir. 2017), *cert. denied,* 138 S. Ct. 1337 (2018), and *cert. denied sub nom.*

---

[9] While a court may consider an untimely pretrial motion upon a showing of "good cause" for the delay, Fed.R.Crim.P. 12(c)(3), Defendant did not seek to show good cause for the delay—and indeed would have been hard-pressed to do so under the circumstances here.

*Johnson v. United States*, 138 S. Ct. 1582 (2018) (finding that trial court erred under Rule 12 in holding defendant's motion untimely when it was made during voir dire and before the jury was sworn in).

Defendant claims that the Court failed to set a deadline to file pretrial motions once the Indictment was filed, relying instead on an earlier Order it had issued under the case's original docket number, Criminal Action No. 2016-0027, under which the Complaint and the Information were filed. Defendant contends that the deadlines set under the original docket number were no longer applicable to him when the case was transferred to Criminal Action No. 2017-0005, and that the Court should have issued another scheduling order with new deadlines for the filing of pretrial motions. (*See* Dkt. No. 98 at 2). Defendant argues that because the Court did not do so, his deadline to file a motion to suppress became the "start of trial," pursuant to Rule 12(c)(1), which in turn, "was at the swearing of the jury." *Id*. Defendant claims that because he made his motion to suppress the same day the jury was sworn, his motion was timely and should have been considered by the Court as such. (Dkt. No. 98 at 2). The Court finds that Defendant's arguments are at odds with both the facts of this case and Rule 12.

Contrary to Defendant's argument that the Court did not set a deadline for pretrial motions in Criminal Action No. 2017-0005 (Dkt. No. 98 at 1), the entry at Dkt. No. 5 reveals that there was, in fact, a schedule set which established February 21, 2017 as the deadline for pretrial motions.[10] Thus, the fact that Defendant missed this deadline under the circumstances here means

---

[10] In his attempt to refute this fact, Defendant argued during trial that a minute entry in the docket does not establish valid deadlines. The Court finds this argument meritless. An oral order read into the record by the magistrate judge that is then "clearly reflected in . . . the docketed minute entry of same," does not necessitate a separate written order to be binding upon the parties. *See In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. 2004). Here, minutes for the proceeding before Magistrate Judge Cannon reveal that he orally read into the record the pretrial

that his motion to suppress was waived by the time he raised it during trial. *United States v. Staton*, 605 F. App'x 110, 113 (3d Cir. 2015) ("If a party does not meet the deadline for making a motion to suppress, the motion is untimely, and deemed waived absent a showing of good cause for the delay.") (internal citation, quotation marks, and brackets omitted).

Moreover, even if a pretrial motions deadline had not been set—which it was—Defendant's reliance on the provisions of Rule 12 would still be unavailing. Here, Defendant made his motion to suppress *after* the jury was empaneled and sworn, *after* opening statements were made, and in the midst of the testimony of the Government's *fourth* witness—way beyond the start of trial under Rule 12. In other words, Defendant made his motion to suppress *after* jeopardy had already attached and would thus be untimely even if Rule 12 were applicable. Fed.R.Crim.P. 12, Advisory Committee's notes to 2014 amendments; *United States v. Kessee*, 992 F.2d 1001, 1003 (9th Cir. 1993) (finding that trial court did not abuse its discretion when it deemed defendant's motion to suppress as untimely because it was made after jury selection had already taken place).

In view of the foregoing, the Court's finding that Defendant's motion to suppress, made during trial, was untimely did not violate Rule 12. Accordingly, Rule 12 does not provide a viable avenue for a new trial.[11]

---

deadlines and the trial date, which were then memorialized in the docketed minute entry. (Dkt. No. 5).

[11] The Court finds that Defendant's arguments fail for the same reasons, even if they were considered under the standards of a motion for reconsideration—a position which the Government urges in its opposition wherein it argues that Defendant's instant Motion is in actuality just another motion for reconsideration. (Dkt. No. 99 at 4). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation and quotation marks omitted), and it is "not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Bostic v. AT & T of the V.I.*, 312 F.Supp.2d

### III. CONCLUSION

For the reasons discussed above, the Court finds that the evidence presented at trial was sufficient under Rule 29 to sustain Defendant's conviction. The Court also finds that Defendant is not entitled to a new trial under Rule 33. Accordingly, Defendant's "Rule 29 Motion for Judgment of Acquittal or For A New Trial," (Dkt. No. 97), is denied.

An appropriate Order accompanies this Opinion.

Date: August 5, 2019  
                                                                       /s/  
                                                  WILMA A. LEWIS  
                                                  Chief Judge

---

731, 733 (D.V.I. 2004)). As discussed above, Defendant's suppression argument would fail in each of the foregoing respects. Thus, Defendant's cause would not be advanced even if considered as a motion for reconsideration.